1  Glenn R. Kantor, Esq. State Bar No. 122643
    E-mail: gkantor@kantorlaw.net
2  KANTOR & KANTOR, LLP
   19839 Nordhoff Street
3  Northridge, CA 91324
   (818) 886-2525 (TEL)
4  (818) 350-6272 (FAX)

5  Attorneys for Plaintiff,
   MARGARET HALL

RECEIVED JAN 1 0 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

MARGARET HALL,

    Plaintiff,

VS.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,

    Defendant.

CASE NO: CV 08 0114 CRB

COMPLAINT FOR DAMAGES

(1) BREACH OF CONTRACT

(2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

DEMAND FOR JURY TRIAL

**PLAINTIFF, MARGARET HALL, FOR HER FIRST CLAIM AGAINST DEFENDANT, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, FOR BREACH OF CONTRACT ALLEGES:**

1.    Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $100,000.00.

2.    Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3.    Plaintiff is informed and believes that Defendant, Provident Life and Accident Insurance Company (hereinafter "Provident"), is a corporation incorporated

in and with its principal place of business in the State of Tennessee, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California.

4. Plaintiff, Margaret Hall ("Hall"), is a resident and citizen of the County of Placer, State of California.

5. Defendant, issued to the City of Berkeley a Group Long Term Disability Income Policy. Plaintiff is referenced by her claim number 124590-0001. Among the benefits provided by the policy was the benefit that if a covered employee of the City of Berkeley became disabled from performing the usual and material duties of his or her occupation, defendant would pay the disabled employee a certain percentage of his or her monthly income. The City of Berkeley is a governmental entity and therefore this action is not subject to ERISA preemption.

6. All premiums due to maintain plaintiff's coverage are in full force and effect have been paid. At all relevant times, plaintiff has performed all obligations under the policy on her part to be performed.

7. In or about May 2005, the plaintiff suffered a loss compensable under the terms of the policies in that she became totally disabled from her employment with the City of Berkeley. As a result of her physical condition, she was no longer able to safely practice her own occupation.

8. On or about June 2005, plaintiff submitted a long term disability claim to defendant. Defendant approved plaintiff's claim by letter dated August 5, 2005 and paid long term disability benefits from June 30, 2005 to October 31, 2007 due to plaintiff's inability to perform the duties of her own occupation.

9. On or about October 25, 2007, Provident advised plaintiff that it had determined that benefits were no longer payable beyond October 31, 2007 as she did not meet the definition of disability under the Policy.

10. Plaintiff accepted Provident's offer to appeal the denial and provided Provident with additional documentation to support her claim.

11. On or about November 12, 2007, Provident upheld the denial, on appeal, of plaintiff's long term disability benefits on the basis that she did not meet the definition of disability under the Policy.

12. As a direct and proximate result of Provident's improper determination regarding plaintiff's long term disability claim, plaintiff has been deprived of disability benefits.

13. The improper determination of the plaintiff's disability benefit claim constitutes a breach of the insurance contract between Provident and the plaintiff. As a direct and proximate result of the defendant's breach of the subject insurance policy, the plaintiff has suffered contractual damages under the terms and conditions of the policy and will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

**PLAINTIFF, MARGARET HALL, FOR A SECOND CLAIM FOR RELIEF AGAINST DEFENDANT, PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING ALLEGES:**

14. Plaintiff refers to Paragraphs 1 through 13, inclusive, of the First Claim for Relief and incorporates those paragraphs as though set forth in full in this cause of action.

15. Defendant has breached its duty of good faith and fair dealing owed to plaintiff in the following respects:

   (a) Unreasonable and bad faith failure to pay the correct amount of insurance proceeds of the disability policies at issue at a time when defendant knew plaintiff was entitled to said full benefits under the policies;

   (b) Unreasonably denying payments to plaintiff in bad faith knowing plaintiff's claim for benefits under the policies to be valid for the reasons set forth in subparagraph (a).

16.     Plaintiff is informed and believes and thereon alleges that defendant Provident has breached its duties of good faith and fair dealing owed to plaintiff by other acts or omissions of which plaintiff is presently unaware. Plaintiff will seek leave of the Court to amend this Complaint at such time as plaintiff discovers the other acts or omissions of said defendant constituting such breach.

17.     As a proximate result of the aforementioned wrongful conduct of defendant, plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

18.     As a further proximate result of the aforementioned wrongful conduct of defendant, plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to plaintiff's general damage in the sum to be determined at the time of trial.

19.     As a further proximate result of the aforementioned wrongful conduct of defendant, plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policies. Therefore, defendant is liable to plaintiff for those attorneys' fees reasonably necessary and incurred by plaintiff to obtain the Policy(s) benefits in a sum to be determined at the time of trial.

20.     Defendant's conduct described herein was intended by the defendant to cause injury to the plaintiff or was despicable conduct carried on by the defendant with a willful and conscious disregard of the rights of plaintiff, subjected the plaintiff to cruel and unjust hardship in conscious disregard to her rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention to deprive the plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice oppression or fraud under California *Civil Code* § 3294, thereby entitling plaintiff to punitive damages in an amount appropriate to punish or set an example of defendant.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1. Damages for failure to provide full benefits under the Policies, in an amount to be determined at the time of trial but in excess of $250,000.00 plus interest, including prejudgment interest, in a sum to be determined at the time of trial;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000.00;

3. Punitive and exemplary damages in an amount in excess of $3,000,000.00;

4. For attorneys' fees reasonably incurred to obtain the Policy benefits in a sum to be determined at the time of trial;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper.

DATED: January 3, 2008        KANTOR & KANTOR, LLP

GLENN R. KANTOR
ATTORNEYS FOR PLAINTIFF
MARGARET HALL

### DEMAND FOR JURY TRIAL

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

DATED: January 3, 2008        KANTOR & KANTOR, LLP

GLENN R. KANTOR
ATTORNEYS FOR PLAINTIFF
MARGARET HALL