1  THOMAS M. HERLIHY (SBN 83615)
   JOHN C. FERRY (SBN 104411)
2  KELLY, HERLIHY & KLEIN LLP
   44 Montgomery Street, Suite 2500
3  San Francisco, CA 94104-4798
   Tel.: (415) 951-0535
4  Fax: (415) 391-7808
5  Email: herlihy@kelher.com
   Email: jferry@kelher.com
6

7
   Attorneys for Defendant
8  PROVIDENT LIFE AND ACCIDENT
   INSURANCE COMPANY
9

10
                   **UNITED STATES DISTRICT COURT**
11
                   **NORTHERN DISTRICT OF CALIFORNIA**
12
                              **SAN FRANCISCO**
13

14 MARGARET HALL,                    ) Case No.:  CV 08 0114 CRB
                                     )
15          Plaintiff,               ) **DEFENDANT PROVIDENT LIFE AND**
                                     ) **ACCIDENT INSURANCE COMPANY'S**
16     vs.                           ) **ANSWER TO PLAINTIFF'S**
                                     ) **COMPLAINT**
17 PROVIDENT LIFE AND ACCIDENT       )
   INSURANCE COMPANY,                )
18                                   )
            Defendant                )
19

20

21

22

23

24

25

26

27

28

---
DEFENDANT PROVIDENT'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 07 CV-01026 AWI-SMS

Comes now Defendant Provident Life and Accident Insurance Company ("Provident") and answers the complaint ("complaint") filed by plaintiff Margaret Hall ("plaintiff") in this action as follows:

**FIRST CLAIM FOR RELIEF**

1. Answering the allegations of paragraph 1 of the complaint, Provident admits that jurisdiction is proper. Provident is without information or belief to answer the remaining allegations and based thereon denies said allegations.

2. Answering the allegations of paragraph 2 of the complaint, Provident admits that venue is proper.

3. Answering the allegations of paragraph 3 of the complaint, Provident admits the allegations.

4. Answering the allegations of paragraph 4 of the complaint, Provident is without information or belief to answer said allegations and based thereon denies said allegations.

5. Answering the allegations of paragraph 5 of the complaint, Provident admits that the referenced policy was issued and that the policyholder is a governmental entity. As to the remaining allegations of said paragraph, Provident states that the terms and conditions of the referenced policy speak for themselves.

6. Answering the allegations of paragraph 6 of the complaint, Provident denies that plaintiff has performed all obligations required of her under the policy. Provident is presently without information or belief to answer the remaining allegations and based thereon denies said allegations.

7. Answering the allegations of paragraph 7 of the complaint, Provident denies the allegations.

8. Answering the allegations of paragraph 8 of the complaint, Provident admits that plaintiff submitted a claim for long term disability benefits and that benefits were paid for a period of time; Provident denies the remaining allegations.

9. Answering the allegations of paragraph 9 of the complaint, Provident admits the allegations.

-1-

10. Answering the allegations of paragraph 10 of the complaint, Provident denies the allegations.

11. Answering the allegations of paragraph 11 of the complaint, Provident admits that it sent a letter confirming the denial of her claim on November 12, 2007, but denies that plaintiff appeal the claim denial.

12. Answering the allegations of paragraph 12 of the complaint, Provident denies the allegations.

13. Answering the allegations of paragraph 13 of the complaint, Provident denies the allegations.

## SECOND CLAIM FOR RELIEF

14. Answering the allegations of paragraph 14 of the complaint, Provident incorporates by reference its responses to paragraphs 1-13 hereinabove as though fully set forth herein.

15. Answering the allegations of paragraph 15 of the complaint, Provident denies the allegations.

16. Answering the allegations of paragraph 16 of the complaint, Provident denies the allegations.

17. Answering the allegations of paragraph 17 of the complaint, Provident denies the allegations.

18. Answering the allegations of paragraph 18 of the complaint, Provident denies the allegations.

19. Answering the allegations of paragraph 19 of the complaint, Provident denies the allegations.

20. Answering the allegations of paragraph 20 of the complaint, Provident denies the allegations.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

17. As a first affirmative defense, Provident alleges that neither plaintiff's complaint nor any claim for relief therein state facts sufficient to constitute a claim for relief against Provident.

## SECOND AFFIRMATIVE DEFENSE

18. As a second affirmative defense, Provident alleges, on information and belief, that through plaintiff's conduct, to be determined by the court as comparative or contributory fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in her complaint.

## THIRD AFFIRMATIVE DEFENSE

19. As a third affirmative defense, Provident alleges, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in her complaint were proximately caused or contributed to by plaintiff's conduct, to be determined by the court.

## FOURTH AFFIRMATIVE DEFENSE

20. As a fourth affirmative defense, Provident alleges, on information and belief, that plaintiff's damages and/or policy benefits, to be determined by the court, are subject to reduction and/or elimination pursuant to offset and/or policy limitations.

## FIFTH AFFIRMATIVE DEFENSE

21. As a fifth affirmative defense, Provident alleges that plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

## SIXTH AFFIRMATIVE DEFENSE

22. As a sixth affirmative defense, Provident alleges, on information and belief, that plaintiff, as to be determined by the court, is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery against Provident by reason of her complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

23. As a seventh affirmative defense, Provident denies that plaintiff has sustained any injury or damage by any act or omission by Provident. However, if it is established that plaintiff suffered an injury or damage for which Provident is held liable, Provident alleges that such injury or damage is to be determined by the court as proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff, or others acting for or on her behalf and that those negligent and/or wrongful acts by plaintiff or others, eliminate and/or reduce any damages plaintiff can recover from Provident in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

24. As an eighth affirmative defense, Provident alleges that any and all losses or damages sustained by plaintiff, as a result of the occurrences alleged in the complaint, are to be determined by the court as proximately caused in whole or in part by the negligence or fault of persons or entities other than Provident, and for whom Provident is not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages plaintiff may recover from Provident in this action.

**NINTH AFFIRMATIVE DEFENSE**

25. As a ninth affirmative defense, Provident alleges that plaintiff, as to be determined by the court, failed to exercise reasonable care and diligence to mitigate her damages, if she has any. As a consequence, plaintiff's claim should be barred, or alternatively, any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate her damages.

**TENTH AFFIRMATIVE DEFENSE**

26. As a tenth affirmative defense, Provident alleges that plaintiff's claims for relief, as to be determined by the court, are barred by the principle of unjust enrichment.

**ELEVENTH AFFIRMATIVE DEFENSE**

27. As an eleventh affirmative defense, Provident alleges that each and every act or statement done or made by Provident, or by Provident's agents or employees, with reference to plaintiff, before and after plaintiff filed her original complaint, was privileged as a good faith

-4-

assertion of Provident's legal and contractual rights.

## TWELFTH AFFIRMATIVE DEFENSE

28. As a twelfth affirmative defense, Provident alleges that plaintiff is not entitled to any further benefits or any other compensation from Provident.

## THIRTEENTH AFFIRMATIVE DEFENSE

29. As a thirteenth affirmative defense, Provident alleges that plaintiff has failed to exhaust her administrative remedies.

## FOURTEENTH AFFIRMATIVE DEFENSE

30. As a fourteenth affirmative defense, Provident alleges that plaintiff's claims for relief are barred by the parol evidence rule.

## FIFTEENTH AFFIRMATIVE DEFENSE

31. As a fifteenth affirmative defense, Provident alleges that plaintiff's complaint is barred by the applicable statutes of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

32. As a sixteenth affirmative defense, Provident alleges that its claim decision was correct and proper under the terms of the Plan and/or Group Policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

33. As a seventeenth affirmative defense, Provident alleges that plaintiff, by virtue of the legal doctrines of waiver and laches, as to be determined by the court, is estopped from pursuing some or all of the claims alleged against Provident.

## EIGHTEENTH AFFIRMATIVE DEFENSE

34. As an eighteenth affirmative defense, Provident alleges that plaintiff is not entitled to, attorneys' fees, or damages in the amount of future benefits pursuant to any of the claims for relief alleged in her complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

35. As a nineteenth affirmative defense, Provident alleges that plaintiff's damage claim, if any, is limited by the provisions of Insurance Code Section 10111.

**TWENTIENTH AFFIRMATIVE DEFENSE**

36. As a twentieth affirmative defense, Provident alleges that plaintiff's remedy for any alleged breach of contract is limited by California Civil Code Sections 3300 and 3302.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

37. As a twenty-first affirmative defense, Provident alleges that Plaintiff has failed to allege, and has no facts to prove, under the clear and convincing standard, the oppression, fraud, or malice required for an award of punitive damages pursuant to California Civil Code Section 3294.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

38. As a twenty-second affirmative defense, Provident alleges that an award of punitive damages and/or injunctive relief violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

39. As a twenty-third affirmative defense, Provident alleges that any award of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

40. As a twenty-fourth affirmative defense, Provident alleges that Plaintiff is not entitled to punitive damages, attorneys' fees, or damages in the amount of benefits pursuant to any of the causes of action alleged in her Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

41. As a twenty-fifth affirmative defense, Provident reserves its right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Provident prays for judgment to be determined by the court/jury in its

favor as follows:

    1.    That plaintiff take nothing by reason of her complaint on file herein;

    2.    That Provident be awarded its costs and expenses incurred in this action;

    3.    That Provident be awarded its attorneys' fees incurred in this action; and

    4.    That Provident recover such other and further relief as the Court may deem just and proper.

                                    KELLY, HERLIHY & KLEIN LLP

Dated: January 31, 2008                    By_____/s/_____
                                                John C. Ferry
                                              Attorneys for Defendant
                                   PROVIDENT LIFE AND ACCIDENT
                                        INSURANCE COMPANY

E:\28107\P01