WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
THOMAS M. HERLIHY, State Bar No. 83615
FRANCIS TORRENCE, State Bar No. 154653
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone: (415) 433-0990
Facsimile: (415) 434-1370
Thomas.Herlihy@wilsonelser.com
Francis.Torrence@wilsonelser.com

Attorneys for Defendant
Provident Life & Accident Ins. Co.

KANTOR & KANTOR, LLP
GLENN R. KANTOR, State Bar No. 122643
PETER S. SESSIONS, State Bar No. 193301
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272
gkantor@ kantorlaw.net
psessions@kantorlaw.net

Attorneys for Plaintiff
Margaret Hall

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Margaret Hall,<br><br>        Plaintiff,<br><br>    vs.<br><br>Provident Life and Accident Insurance Company,<br><br>        Defendant. | Case No. CV 08-0114 CRB<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  April 11, 2008<br>Time:  8:30 a.m.<br>Ctrm:  8, 19th Floor, San Francisco |

Pursuant to Federal Rule of Civil Procedure 26(f), the Local Rules of this Court, and this Court's Order, Plaintiff Margaret Hall ("Hall") and Defendant Provident Life and Accident Insurance Company ("Provident"), by and through their respective counsel of record, hereby submit this Joint Case Management Statement.

**1.    Jurisdiction and Service.**

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) in that the parties are citizens of different states (Hall is a resident of California and Provident is incorporated, and has its principal place of business, in Tennessee) and the amount in controversy exceeds $75,000.  All parties to the action have been served and appeared.

**2.    Facts.**

This case arises from a claim by Hall for long term disability ("LTD") benefits under a LTD employee benefit plan sponsored and administered by Hall's former employer, the City of Berkeley.  The plan was funded by a group disability insurance policy purchased by the City of Berkeley from defendant Provident.

(Although this is an action for recovery of employee benefits, it is not preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), because the plan at issue is a governmental plan.  *See* 29 U.S.C. §§ 1003(b)(1), 1002(32).  As a result, this case will be resolved by the application of California law.)

Plaintiff Margaret Hall was a building inspector for the City of Berkeley.  Hall began experiencing back pain in 2003, and over the next two years took two medical leaves from her employment.  Hall stopped working in 2005 and submitted a claim for LTD benefits to Provident, which Provident approved.  Provident began paying benefits in August of 2005.

Hall returned to modified duty work in November of 2005, and continued to receive residual disability benefits under the Provident policy.  Hall stopped working for good in May of 2006.  Provident continued paying LTD benefits through October 31, 2007, at which time it concluded that Hall was no longer disabled as defined by the group insurance policy.  This action followed.

The parties submit the preceding general statement of facts but reserve the right to modify them as further discovery might require.

**3.    Legal Issues.**

(1) Whether Provident breached the terms of the group disability policy by terminating Hall's LTD benefits; (2) Whether Provident breached the implied covenant of good faith and fair

dealing ("bad faith") in its termination of Hall's LTD benefits; and (3) Whether and to what extent Hall is entitled to extracontractual damages.  Because the case is in its early stages, additional legal issues might arise as the case progresses through discovery.

### 4. Motions.

There are no prior or pending motions.  The parties anticipate possibly filing motions for partial summary judgment regarding whether Provident acted in bad faith and whether extracontractual damages are available.  The parties propose a motion filing cut-off date of March 13, 2009.

### 5. Amendment of Pleadings.

There are no anticipated amendments to the pleadings.

### 6. Evidence Preservation.

Plaintiff's counsel is inquiring from plaintiff as to the extent and existence of any electronic documents which might require preservation.

Defendants have taken steps to preserve evidence relevant to the issues reasonably evident in this action as of the date when the filing of the litigation was known, and have preserved and will produce through initial disclosures the entire administrative record in this matter.

### 7. Disclosures.

The parties will produce their Rule 26 disclosures by May 2, 2008.

### 8. Discovery.

Neither party has taken any discovery to date.  Plaintiff anticipates serving written discovery to ascertain the basis for Provident's termination of her benefits, as well as any documentation relied upon in making that decision.  Plaintiff also anticipates taking the deposition(s) of those Provident employees and consultants who were involved in the decision to terminate her benefits.

Defendant will utilize written discovery and take depositions to determine the scope of plaintiff's specific occupational duties as well as her actual and claimed limitations.  This will likely also require some third party discovery of plaintiff's former employer as well as her health

care providers, and other percipient witnesses identified in her Initial Disclosures and discovery responses.

Defendant believes, and the parties agree, that based upon the number of witnesses that will likely be identified in the parties' Initial Disclosures, they will need relief from the number limit of depositions per side. It is also anticipated that the deposition of plaintiff might require more than a single day. At this point the parties hope to be able to work out between themselves any needed accommodations on this discovery issue, without involvement of the Court.

The parties propose that all fact discovery to be completed by November 10, 2008.

**9.     Class Actions.**

This case has not been pled as a class action.

**10.     Related Cases.**

There are no known related cases.

**11.     Relief.**

a.     Relief Sought by Plaintiff

Plaintiff seeks LTD benefits under the Provident policy in the amount of approximately $2,300 per month (gross benefit of approximately $4,000 per month minus policy offsets). Under the policy, this benefit is payable to plaintiff's 66th birthday, which in plaintiff's case is October 25, 2013. Thus, total benefits owed both backward and forward amount to approximately $165,000 (plus interest for past-owed benefits, and subject to present value calculations). Plaintiff also contends that she is entitled to extracontractual damages for Provident's bad faith, as well as attorney's fees pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), in an amount to be determined at trial.

b.     Relief Sought by Defendant

Defendant contends that plaintiff should take nothing by her Complaint, and seeks a determination that it has not acted in violation of the disability insurance agreement.

**12.     Settlement and ADR.**

The parties through their counsel have discussed ADR, and agreed to early private mediation to take place 120 days of the April 3, 2008 Court Order.

**13. Consent to Magistrate Judge.**

The parties do not consent to Magistrate Judge.

**14. Other References.**

This case is not suitable for, nor do the parties consent to, reference to binding arbitration or a special master. This case is not properly referable to the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues.**

At this point in this litigation, the parties are unaware of any ways to narrow the issues.

**16. Expedited Schedule.**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

  i. The parties propose that all fact discovery, if any, to be completed by November 10, 2008;

  ii. The parties propose that expert witness reports be exchanged on January 23, 2009, with rebuttal expert reports to be exchanged on February 13, 2009.

  iii. The parties propose that dispositive motions be filed by March 13, 2009;

  iv. The parties propose that the pre-trial conference be held on May 2009.

  v. The parties propose a trial date on May 2009.

**18. Trial.**

Plaintiff seeks a jury trial in this matter. The parties estimate that the trial will require between 10 – 15 days, depending on the Court's trial schedule.

**19. Disclosure of Non-party Interested Entities or Persons.**

Pursuant to Civil Local Rule 3-16, plaintiff certifies that, other than herself, there are no persons, associations of persons, firms, partnerships, corporations (including parent

corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Pursuant to Civil Local Rule 3-16, Provident certifies that, other than itself, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**20.     Other Matters to be Considered.**

The parties believe that there are no other matters that need to be considered at this time.

Dated: April 4, 2008            KANTOR & KANTOR LLP

By:   */s/   Peter S. Sessions*
         Peter S. Sessions
         Attorney for Plaintiff
         Margaret Hall

Dated: April 4, 2008            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER

By:   */s/   Francis Torrence (as authorized on 04/04/08)*
         Francis Torrence
         Attorney for Defendant
         Provident Life & Accident Ins. Co.