THOMAS M. HERLIHY (SBN 83615)
Email: thomas.herlihy@wilsonelser.com
FRANCIS TORRENCE (SBN 154653)
Email: francis.torrence@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:    (415) 433-0990
Facsimile:    (415) 434-1370

Attorneys for Defendant
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY

J. DAVID OSWALT (SBN 073439)
Email: doswalt@kantor.law.net
CHRISTINA J. SMITH (SBN 193509)
Email: egreen@kantorlaw.net
KANTOR & KANTOR
19839 Nordhoff Street
Northridge, California 91324
Telephone:    (818) 886-2525
Facsimile:    (818) 350-6272

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARGARET HALL,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>　　　　　Defendant | Case No.:  CV 08 0114 CRB<br><br>**STIPULATION REGARDING THE DEPOSITIONS OF DR. E. GARY STARR AND MARY FULLER AND [PROPOSED] ORDER THEREON** |

Plaintiff Margaret Hall and defendant Provident Life and Accident Insurance Company ("Provident"), through their respective counsel, stipulate with respect to the following facts:

1       1.      Dr. E. Gary Starr is a physiatrist with an office in Reno, Nevada.  On October 1,

2  2007, Dr. Starr performed an independent medical examination of Plaintiff at the request of

3  Provident.  Provident relied upon Dr. Starr's report of the examination in deciding to terminate

4  Plaintiff's disability benefits.

5       2.      Plaintiff served a deposition subpoena on Dr. Starr scheduling his deposition for

6  January 19, 2010.

7       3.      Prior to the deposition, Dr. Starr's office demanded a deposition fee of $2,500 per

8  hour.  Plaintiff's counsel contend that they negotiated an agreement with Dr. Starr's office

9  whereby he would appear for his deposition for a deposition fee of $1,000 per hour.  Prior to the

10 deposition, Plaintiff's counsel paid Dr. Starr $1,000 for the first hour of the deposition.

11      4.      On January 19, 2010, counsel for Plaintiff and Provident traveled to Reno,

12 Nevada, for Dr. Starr's deposition.  Dr. Starr appeared for his deposition, but left after thirty

13 minutes stating:

14          You purchased a half an hour of my time.  So we made arrangements in the office

15          that I would have patients after that.  So, when you sent us a check for a thousand

16          dollars, that was your request to buy a half an hour.  So we have patients.  So I

17          need to go.

18 (January 19, 2010 Deposition of Edward Gary Starr, M.D., at 17:14-17.)

19      5.      Plaintiff  then filed a Petition and Application for an Order to Show Cause

20 Regarding the Deposition of Dr. E. Gary Starr with the United States District Court for the

21 District of Nevada, which was assigned Case No. 3:10-cv-00075 ("the OSC Action").  In the

22 OSC Action, plaintiff seeks an order compelling Dr. Starr to appear for a deposition at a date and

23 time set by the Court and awarding Plaintiff her actual losses incurred as a result of Dr. Starr's

24 failure to comply with the deposition subpoena.

25      6.      On February 19, 2010, Magistrate Judge Valerie P. Cooke entered an order in the

26 OSC Action directing Dr. Starr to appear on March 29, 2010, to show cause why he should not

27 be held in contempt for his violation of the deposition subpoena and why Plaintiff should not be

28 awarded compensatory damages, including costs and expenses incurred in connection with the

1  January 19, 2010 deposition and the costs and expenses incurred in bringing the OSC Action.

2  The hearing on the order to show cause has been continued to April 12, 2010.

3       7.     On February 23, 2010, Provident designated Dr. Starr as an expert witness in this

4  action.

5       8.     The deposition of Mary Fuller, one of Plaintiff's designated expert witnesses, was

6  originally scheduled for March 19, 2010 in Portland, ME.  The parties have agreed to reschedule

7  that deposition for a mutually convenient date that may be after the expert discovery cut-off date

8  of April 1, 2010.

9       THEREFORE, Plaintiff and Provident, through their respective counsel, stipulate as

10  follows:

11       1.     Provident will notice Dr. Starr's deposition at his office or another location in

12  Reno, Nevada on a date that is mutually convenient for counsel for Plaintiff and Provident.

13       2.     The deposition of Dr. Starr may be taken after the expert discovery cut-off date of

14  April 1, 2010.

15       3.     Provident will pay Dr. Starr's deposition fee for a four hour deposition at a rate

16  not to exceed a maximum of $6,000.

17       4.     Plaintiff's counsel will exam Dr. Starr first and will have up to three hours to

18  complete the examination.  Plaintiff's counsel may reserve a portion of the three hours for

19  additional questions after the examination by Provident's counsel.

20       5.     Provident's counsel will then depose Dr. Starr for up to one hour.

21       6.     Provident will videotape the deposition and the parties agree that the deposition

22  can be used at trial in lieu of live testimony, subject to evidentiary objections.

23       7.     Plaintiff will promptly dismiss the OSC Action.

24

25

26

27

28

STIPULATION TO REGARDING THE DEPOSITONS OF DR. E. GARY STARR AND MARY FULLER
USDC NDCA Case No.: CV 08 0114 CRB

8.      The deposition of Mary Fuller may be taken after the expert discovery cut-off date of April 1, 2010.

Dated: April 6, 2010                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


                                        /s/ Thomas M. Herlihy
                                By:_____
                                        Thomas M. Herlihy
                                        Francis J. Torrence
                                        Lisa S. Passalacqua
                                        Attorneys for Defendant
                                        Provident Life and Accident Insurance Company

Dated: April 6,  2010           KANTOR & KANTOR LLP


                                        /s/ J. David Oswalt
                                By:_____
                                        J. David Oswalt
                                        Attorneys for Plaintiff Margaret Hall


                                        ORDER

PURSUANT TO STIPULATION, IT IS ORDERED that:

1.      Provident will notice Dr. Starr's deposition at his office or another location in Reno, Nevada on a date that is mutually convenient for counsel for Plaintiff and Provident.

2.      The deposition of Dr. Starr may be taken after the expert discovery cut-off date of April 1, 2010.

3.      Provident will pay Dr. Starr's deposition fee for a four hour deposition at a rate not to exceed a maximum of $6,000.

4.      Plaintiff's counsel will exam Dr. Starr first and will have up to three hours to complete the examination.  Plaintiff's counsel may reserve a portion of the three hours for additional questions after the examination by Provident's counsel.

-3-

5.      Provident's counsel will then depose Dr. Starr for up to one hour.

6.      Provident will videotape the deposition and the parties agree that the deposition can be used at trial in lieu of live testimony, subject to evidentiary objections.

7.      Plaintiff will promptly dismiss the OSC Action.

8.      The deposition of Mary Fuller may be taken after the expert discovery cut-off date of April 1, 2010.


Date: _____ April 8 __, 2010



United States _____ ge

IT IS SO ORDERED

Judge Charles R. Breyer

STIPULATION TO REGARDING THE DEPOSITONS OF DR. E. GARY STARR AND MARY FULLER
USDC NDCA Case No.: CV 08 0114 CRB